UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Nash Finch Co. Securities
Litigation.

MEMORANDUM OPINION
AND ORDER
Civ. No. 05-2934 ADM/AJB

---

Christopher P. Seefer, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA; and Garrett D. Blanchfield, Jr., Esq., Reinhardt, Wendorf & Blanchfield, St. Paul, MN, on behalf of Plaintiffs.

Marc J. Sonnenfeld, Esq. and Karen Pieslak Pohlmann, Esq., Morgan, Lewis & Bockius LLP, Philadelphia, PA; and David M. Wilk, Esq., Larson • King, LLP, St. Paul, MN, on behalf of Defendants.

---

## I. INTRODUCTION

Before the Court is Defendants Nash Finch Company ("Nash Finch" or "the Company"), Ron Marshall ("Marshall"), LeAnn Stewart ("Stewart"), and Kathleen McDermott's ("McDermott") (collectively, "Defendants") Motion to Certify Questions Pursuant to 28 U.S.C. § 1292(b) [Docket No. 55]. For the reasons set forth herein, Defendants' Motion is denied.

## II. DISCUSSION

On May 1, 2007, this Court issued an Order [Docket No. 51] denying Defendants' Motion to Dismiss [Docket No. 37]. Defendants now ask the Court to amend its Order to certify the following two questions to the Eighth Circuit Court of Appeals:

1. Whether the PSLRA's[1] heightened pleading requirements preclude "group pleading," according to which an individual corporate officer may be held individually liable for statements published by the corporation?

2. Whether the PSLRA's "safe harbor" precludes securities fraud claims based on forward-looking statements that are accompanied by meaningful cautionary

---

[1] PSLRA stands for the Private Securities Litigation Reform Act.

>language, regardless of a plaintiff's allegations about the defendant's state of mind?

**A.     Standard**

A district court may certify an issue for interlocutory appeal if (1) the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A controlling question of law is a legal question and not "a matter for the discretion of the trial court." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994). Substantial ground for difference of opinion exists if there are "a sufficient number of conflicting and contradictory opinions." Id. at 378. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." Id. at 378-79. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. at 376.

**B.     Group Pleading**

With respect to whether or not the group pleading doctrine survived the passage of the PSLRA, the first prong of the certification test is satisfied. The group pleading question is a controlling question of law because it is a purely legal question and it may dictate whether certain statements can be attributed to certain Defendants. Defendants aver that "at least 82 decisions . . . have addressed and decided the group pleading issue since the BISYS[2] decision. Of those 82, 40 held that the doctrine did not survive the PSLRA's enactment, while 42 held that

---

[2] In re BISYS Securities Litigation, 397 F. Supp. 2d 430 (S.D.N.Y. 2005).

it did." Defs.' Mem. [Docket No. 57] at 6 n.4.  The Eighth Circuit has not yet determined whether group pleading is still available, and most recently, the United States Supreme Court declined to rule on the availability of the group pleading doctrine.  <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 127 S. Ct. 2499, 2511 n.6 (2007) ("Though there is disagreement among the Circuits as to whether the group pleading doctrine survived the PSLRA, the Shareholders do not contest the Seventh Circuit's determination, and we do not disturb it.") (internal citation omitted).  Accordingly, the group pleading question is also one in which there is substantial ground for difference of opinion.

However, Defendants fail to satisfy the second prong of the certification test.  Immediate appeal will not materially advance the ultimate termination of this litigation.  Even though resolution of the group pleading issue could potentially limit the attribution of particular statements to particular Defendants, it would not limit the scope of discovery, as all statements are attributable to some or all of the Defendants.  The ultimate termination of this litigation is advanced by proceeding to discovery and moving the case forward, not by granting an immediate appeal.  Furthermore, despite the prevalence of disagreement on the group pleading issue, Defendants fail to identify any cases in which the group pleading question has been certified for interlocutory appeal.

**C.     Safe Harbor and Actual Knowledge**

In the May 1 Order, the Court held that "cautionary language can not be 'meaningful' when defendants know that the potential risks they have identified have in fact already occurred, and that the positive statements they are making are false." Order at 19.  The Court further stated "if Defendants knew that the specific risks and uncertainties stated to be 'potential' in

their cautionary language had already been realized, and that their forward-looking statements were false or misleading, then their forward-looking statements are not protected by the safe harbor." Id.  Final resolution of this issue would require an application of the specific facts of this case to the law as stated by the Court.  However, whether the Court has accurately stated the law in the first instance is a legal question.  Whether cautionary language can be "meaningful" if Defendants have actual knowledge of its falsity is a controlling legal question in this case because it is purely legal and its resolution may determine whether some of the allegedly misleading statements are actionable.  Defendants have also cited to sufficient case law resolving the issue similarly to and differently from this Court to establish that there is substantial ground for difference of opinion.

However, as with the group pleading issue, Defendants fail to establish that an immediate appeal would materially advance the ultimate termination of the litigation.  Although some of the allegedly misleading statements would not be actionable if the Eighth Circuit were to resolve the actual knowledge issue differently from this Court, other allegedly misleading statements would remain for discovery.  The scope of discovery may also not be significantly narrowed because discovery related to the inactionable statements may still be relevant to the remaining allegedly misleading statements.  This case has now been pending for more than one and a half years, and discovery has been stayed.  See 15 U.S.C. § 78u-4(b)(3)(B).  Interlocutory appeal will only serve to further delay the ultimate resolution of this case.

Defendants have failed to carry their burden of demonstrating that this case is an exceptional one in which immediate appeal is warranted.  Accordingly, Defendants' Motion is

denied.[3]

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Certify Questions Pursuant to 28 U.S.C. § 1292(b) [Docket No. 55] is **DENIED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 31, 2007.

---

[3] In a footnote, Defendants argue:

If the Court's decision [that McDermott is potentially liable as a control person] was based upon McDermott's position as general counsel, then Defendants respectfully submit that whether such an allegation is sufficient to establish control person liability is a pure legal question that should be certified for appeal to the Eighth Circuit, because the Eighth Circuit has not yet addressed the issue and it is a position that is contrary to the law in several other jurisdictions.

Defs.' Mem. at 7 n.6. There is no reason to certify an interlocutory appeal on this basis.